(A-1

RECEIVED

DEC 13 2018

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY_____

18-cv-1276 Sec P

1.)

Memorandum Order
Motion to reply Buttal Arguable facts
And Amend origianal

Weir/Plaintiff comes ~~b/f the honorable court~~ to pray
b/f the honorable court against complaint

Background - Arguemental facts
And Amendments.

Plaintiff brings action against Executive Admin under liabilities
based on failure to prevent harm. Plaintiff must show that; 1.)
Plaintiff was incarcerated under conditions that pose a sub-
stanial harm. 2) the prison officials was "deliberately indifferent"
to ~~his~~ Plaintiffs health and safety. Failure to act w/ deliberate
indifference to a substantial risk. (see Farmer US @ 836).

Deliberate indifference is a subjective test and it must be shown
that test officials actually knew of the risk of harm to inmates.

It is ~~so~~ insufficent to show soley that the officials should have
known of the risk.

Dec 29 Lieutenant Niels (retired) stated directly that "he" told
executive admin that this sort of injury (plaintiffs injury) would
happen from removing stationary ladders from all bunks FCIO.

Lieutenant Niels emphasized to Weir that (quoting Lt Niels)
"I told'm this sort of thing would happen"; I told'm", to Weir
on Dec 29th while in R&D awaiting to go on outside medical
visit (Orthopedic).

Plaintiff shortly after filed under FOIA/PA for the information
against the removal of said mechanisms that was received
and stamp dated by FOIA/PA Section - Federal Bureau of Prisons

ON Aug 13. Weir has diligently pursued information to all levels so as to have All correct Knowledge w/ information and belief to the direct statements and acknowledgment from executive admin Lt Niels on Dec 29th (see exhibits marked A, B, C-1)

The officials must beaware of facts which the inference, or something thing you can find out directly from what you already Know and could draw that inference or information forming an opinion that already Known. (Farmer V BrenNan 511 US at 837) Wheather a prison official had the requisite Knowledge of a substantial risk is a question of fact subject to demonstration by typical means, including inference from circumstantial evidence. (see Farmer 511 841.)

A fact finder may conclude that a prison official Knew of a substantial risk from the very fact that the risk was obvious. (Farmer 511 US 842). But also, Failing to act w/deliberate indifference to a substantial risk of harm is the equivalent to or of reckless disregarding that risk. (Farmer 511 US 825,835 114 S Ct. 1970 128 L Ed 2d 811 (1994).

Weir had stated as defendants both acting complex warden and previous warden (FCIO). Weir provided the court w/ response from 2-14-18 of previous warden Willis in his response he directly states that desktops wherent "intended" for the use to access the top bunks. And then states ladders "has been" deemed more of a haziard then to have them at all." Warden Willis does acknowledgment thes complaint from Weir of "has been" is a fact of previous Know ledge. "Has been", is past tences. This warden had to have KNown or by information and belief been given the Know-

ledge of the removal of the stationary ladders, showing by that response from Warden Willis the inference and or opinion to make that sort of response. Further inquiries w/ staff of depostion will further the claim plaintiff has made regarding the liability of FCIO CEO. You don't have to show that the defendants knew exactly what was wrong w/ you or what its consequenses could be if it was clear you had a serious problem and the defenants disregard it (Oritz v LaBoy 400 F 3d 83 (1st Cir 2005)

Weir is request the court for full understanding of the totality of the extreme grave danger that all inmate face to access the top bunk in any controlled manner. The bunks at FCIO are unually higher and at FCIO #2. Many SHU cells do not have any stationary desks, leaving a balancing act to get to the top bunks. Weir will file for photos and measurements of SHU cell z 132 to show the distance b/t the desktop and bunk where Weir had injured his foot

A prison offical cannot be found liable under the Eighth Amendmend for denying on inmate humane conditions of confinement unless the official knows and disregards an excessive risk to inmate health or safety. The official must both be aware of facts from which the inference could be drawn that a substantial risk of SERIOUS harm exist, and he must also draw the inference (Farmer v Brennan 511 US 825, 114 S Ct 1970 1979 ,128 L Ed 811 (1994)

It can be drawn that current CEO Admin may not have been aware of this grave and serious risk to inmates and substantial risk of serious harm exist. This does not just let that official off the hook for what a lay person

4)

could see the obvious risk of serious harm exist. With then acting Warden Willis took No such action after plaintiff's serious physical injury accured. And in his vague at best reply to state in a past tense manner of of to ladders "has been" shows knowledge that ladders where deemed more of a hazard then to have them at all.

Weir wrote to Warden Willis. requesting the language for which this insight comes from to draw the conclusion against his response on 2-14-18. Weir was Not given any type of a reply to something he foundout directly with the act or process of forming opinion to conclude that ladders or stationary designed mechanisms impose that much of a substantial risk or hazard. (see exhibits attached) relevent info; Federal Rule of Civil Procedure 26(b)(1)

Therefore, a prison official May be held liable under the Eighth Amenment for acting with deliberate indifference to inmates health and safety only if he knows that inmates face a substantial risk of SERIOUS HARM and if he disregards that risk by failing to take REASONABLE MEASURES to abate or minimize it. (see Farmer)

The fact to previous admininstration being told that removing these ladders will impose serious risk of harm and physical injury still holds for arguement to existing the substantial inference. Lt Neils made it clear to Weir that "he" told 'M this sort of thing would happen".

To totaly satisfy the requisits of knowledge of substantial harm and serious physical risk infact do exist, plaintiff can only draw this inference by Lieutenant Neils with a motion to depose Lieutenant Neils to have that full

Knowledge and understanding to whom Lieutenant Neils had made the statement to and when it was decided that the removal of the stationary ladders necessary. 49 Federal Rule of Criminal Procedure 15(A) set forth the federal procedure.

Although plaintiffs are not required to prove claim in their complaint, they must state elements of claim and cannot merely promise court that discovery will turn up necessary elements Migdal × Rowe Price-Fleming Int'l 248 F 3d 321 Federal Section L Rep (Callaghan) 1063 (~~~~~ 4th Cir Md 2001)

Plaintiff has made all attempts to receive the backround for the removal of the stationary designed ladders, and to the whom and when this was done. Weir was seriously injured from not having proper methods availible to get to or from the top bunk. Should injury now after 327 days has turned into a lifetime disability with irreparable damage that does effect Weirs every day life or activities to the depriviation of a normal life.

Weir does wish to dismiss defenants as mentioned in memorandum order of the following. Weir missunderstood FTC and Bivens act to name the United States as a defenant. Weir named Regional Director Caraway as a defenant after January 5th 2018 denied Orthopedic treatment course to the information and belief that Medical Practitioners Joel D. Alexandre's recommendations as a sound and fortified means to treat a serious physical injury, and now choices to dismiss as defenants.

Weir dismisses Mrs. Chano Health Service Admin Assist. as a defendant.

Weir's claim to the injury does not just fall under the deliberate indifference clause of the Eighth Amendment and should be looked at in a wider realm or scope to civil rights and other Constitutional violations, but not limited to.

looking from begining of the injury on Dec 2nd 2017 Weir went 16 plus hours b/f any Medical attention was provided. And only given Ace wrap as a palliative means to treat the physical injury Weir sustainded. But Weir was told on that visit by Nurse Mickid that he'd order X-rays for "tomorrow", but that Never happened.

**McMicken →**

Dec 5th. The grave and reckless disregard by this facilities Medical Licensed Practitioner R. Moody when she said very repugnant and dismissing the serious physical injury and not providing Weir with X-rays and "I'll (R. Moody) will have to see about X-rays". She is as the gate keeper and has a pivotal rule in furtherence to or go between from her SHU sick call sign-up rounds here in FCIO.

This court knows mere negligence is in its self not a claim, but negligence with the unnecessary suffering and infliction of wanton physical pain does hold a claim to the Eighth Amendment Constitutional violation.

I suffered great pain in not even being able to stand on the right foot after the injury or the fact that on Dec 5th Weir told MLP R Moody about the agonizing throbing pain and then told by Moody that "your ibuprofen 400 mg are enough. Or when Weir told Moody "I'm sleeping on the floor b/c Weir could no longer climb to the top bunk to sleep or try to rest with the extreme pain

I was IN. Or MLP R. Moody denying Weir of his serious Medical Needs and furthering the Inflichon of agonizing pain.

Weir keep a time/date log of incounters request Made with Medical and staff to the conditions and delays that was impeding Weir from the Needed Medical attention to the serious physical injury suffered on Dec 2.

Weir went another TEN DAY in extreme agonizing pain, and had ~~to be~~ practically carried up a flight of stairs by a female officer Ms. Walker who is very petite in size just to beable to go to Medical (sworn statement for such actions by Ms Walker will show for allegations Made by Weir) Ms. Walker visually saw how deformed from the swelling and deep black in color Weirs foot was on Dec 15th.

Negligence - A government employee is Negligent when he or she "fails to us reasonable care" or (reasonably prudent person would do in a similar situation). There are four areas to show Negligences. 1.) Duty is something you have to do b/c it is your Moral or legal responsibility. 2.) Breach is a failure to do sth that must be done by law. An action that breaks an agreement to behave in a particular way. 3) Causation, the process of one event causing or producing another event. 4.) Damage is physical harm caused to sth which makes it less attractive, useful or valuable. Harmful effect on.

Dec 15th Weir was given an X-ray that confirms the severe physical injury fracture of the fifth medatarsal bone in Weirs right foot. Dr Joel D. Alexandre by Weirs information and belief ordered said exam. Weir was provided with a Medical boot and (pain shot for three days) Weir was refered to outside Orthopedic Specialist

on Dec 29th after his conversation with Lieutenant Neils about the injury. Orthopedic Specialist did X-rays and on counsulation w/ Weir Surgeon explained the injury and damage done. Then further explained the ~~differ~~ course of treatment to repair and heal the physical injury to Weirs right foot and sent these recommendation back with transport officer Meldner to turn into Medical department upon return to the facility.

Jan 5th 2018 - Dr. Joel D. Alexandre ordered X-rays on his counsulation he was holding what looked like printer paper. Weir asked about the Specialist course of treatment to repair and heal Weirs serious physical injury. Dr. Joel D. Alexandre hold's up the paper and points at as he states (quoting) "What I've looked up on the internet surgery won't be needed, it will heal fine on its own."

Very confused by that statement from Dr. Joel D. Alexandre a Medical Practitioner or a General Practitioner (family doctor) Weir wrote Regional Office Director Caraway. Weir expressed these concerns and statement made by Dr. Joel D. Alexandre In response Director Caraway minimized it by stating it is only a difference in medical opinions. Then denied the recommendations from the Orthopedic Surgeon.

1.) Deliberate Indifference Standard. Deliberal indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment.

Weir has by information and belief shown I went 16 hrs in serious extreme phyiscal pain, b/f even seeing a Nurse. after physical injury. An on Dec 5th Weir explained injury to Medical License Physician R. Moody. Instead of ordering needed X-rays, R. Moody dismisted the injury causing Weir to go another 10 days in

agonizing pain while having to sleep on the floor b/c Weir was not physically able to climb to his assigned top bunk. This unnecessary infliction of extremely physical pain carries over after the last consultation and X-ray w/ Dr. Alexandre's on January 5th 2018

~~Under Eighth Amendment deliberate indifferen~~ Due Process ~~Clause "the applicable standard is the same, or decisional law involving prison inmates applies to case~~

Hare V City of Corinth Miss 74 F 3d 633, 643 (5th Cir 1996)(en ban) To invoke the Wolfish analysis, a detainee must show that a challenge act or omission "implement[s] a rule or restriction or otherwise demonstrate[s] the existence of an identifiable intended conditions or practices," or else show that acts or omissions "were sufficiently extended or pervasive, or otherwise typical of extended or pervasive misconduct by other officials, to prove an intended conditions or practice, or else show that acts or omissions" were sufficiently extended or pervasive, or otherwise typical of extended or pervasive misconduct by other officials, to prove an intended condition or practice to which the Bell test can be meaningfully applied. Have, 74 F 3d 645.

You don't have to show that the defendants knew exactly what was wrong with you or what its consequences could be if it was clear you had a serious problem and the defendants disregarded it. MLP R. Moody did in fact disregard Weir's serious need for medical attention on Dec 5th. 2017, with not ordering X-rays or doing a proper examination to fully know the severity of the physical injury

January 5th 2018. Dr. Joel D. Alexandre dismissed the course of treatment from the Orthopedic Specialist, and to go as far as to tell Weir that "surgery won't be needed, it will heal fine on it's own". The negligence is clear by both MLP R. Moody and Dr. Joel D. Alexandre.

1.) Duty: On Dec 5th 2018. Weir had already established that he

had suffered a physical injury through Nurse McMickin and by way of formal request by Weir who signed up for sick call to have the needed medical attention to the severe physical injury. As a licensed medical practitioner and medical practitioner (Dr. Joel D Alexandre) both have a duty to not cause harm to any ones care they may give to any of their patients. Their moral duty to up hold their adequate responsibilities not to cause pain.

R. Moody failed to provide this adequte care by only dismissing Weirs serious physical injury. These actions or inactions are by definition a dereliction. If you suffer from agonizing physical pain for one hour, or 10 days as Weir had to until given his first X-ray that is rise to show the deliberate indifference and cruel and unusual punishishment under the Eighth Amendment standard.

2.) Breach: This breach is by R. Moody that she herself did not honor the oath that by law she is to uphold. In only dismissive, discounting or other wise repugnant natuar for the handling of Weirs severe physical injury and the gross reckless disregard and unnecessary infliction and suffering wanton serious pain

3.) Causation: With R. Moody's disregard only produced the prolonged delay to Weirs serious need of medical attention. This delay in treating Weirs injury was again the gross reckless disregard that only prolonged the unnecessary physical pain.

4) Damage: Weir has suffered greatly both physically and mentally from the deprivaty and distress caused by the prolonged infliction of severe physical pain that effects Weirs daily life and ANY type of normal activities from the disibilities Weir faces one a daily accurence, or activities as said.

The subjective intent with R. Moody was the deprivation of

Weir's serious physical injury as well as Weir's odvious need for Medical care was dismissed by R. Moody. These acts or inactions by R. Moody are under the color of federal law. The gunuine issue does exist because of the prolonged infliction and suffering severe physical pain.

Medical License Practitioner R. Moody denied Weir adequate medical care by not as a gatekeeper giving Weir a complete examination when Weir clearly stated his injury first to Nurse McMicken on Dec 3rd 2017, then again when Weir signed up and wrote out his medical needs for serious physical injury.

Direct evidence of deliberate indifference, sometimes the act or indifference statements of prison personnel directly demonstrate an indifference or hostile attitude towards prisoner's medical needs.

Gordon v. Higgs 716 F Supp 1351, 1353 (D. Nev 1989) failure to take an X-ray was no more than negligent. H.C. by Hewett v. Jarrard 786 F 2d 108 1083, 1087 (11th Cir 1986) isolation of injured inmate and depriVation of medical attention for three days. Robinson v. Moreland 655 F 2d 887, 889-90 (8th Cir 1981) weekend delay in treating a broken hand. Edwards v. Snyder 478 F 3d 827 832 (7th Cir 2007) holding an allegation of a doctor's gratuitous two-day dely in treating an injury stated a deliberate indifference claim regardless of the adequacy of later treatment. Sulton v. Wright 265 F Supp 2d 292 300 (S.D N.Y 2003) four-year delay in treating torn knee ligaments supports a deliberate indifference claim.

How much delay in treatment is tolerated depends on the seriousness and urgency of the medical need. Some courts have held that delay is only actionable when it results in substantial harm, but that standard is me if pain and suffering are unnecessarily prolonged

Some courts have required "verifying evidence" to support a claim

12)

that case, Sealey v. Dept. of Health, Gallagher County only of Lyon 216 F. Supp 2d 1209 1221-22 (D. Kan 2002 a month delay in treating a spinal injury, resulting in incontinence, satisfied substantial harm requirement.

Weirs claim that on Dec 5th 20017, MLP R. Moody did not take Weir out of his SHU cell to examine or evaluate the physical injury. R Moody only looked through the window of the cell door down at Weirs foot as stated

Doe v Gustavus 294 F Supp. 2d 1003 1008-09 (E.D Wis. 2003) evidence that nurses never checked the pregnant plaintiff personally upon hearing that her water had broken, tested the plaintiff's pants to determine if her water had broken only after they had dried, and examined her only through the tray slot in the cell door supports a deliberate indifference claim; Seals v Shah 145 F Supp 2d 1378 1385 (N.D Ga 2001) citing failure to physically examine patient. Williams v Patel 104 F Supp 2d 984 987 (C.D Ill 2000) citing failure to physically examine patient with eye injury. Tillery v Owens 719 F Supp at 1306 1308 (citing "cursory" sick call inquiries and intake physical examination that were not "thorough" and in which the patient was never touched. Brown v Borough of Chambersburg 903 F 2d 274 278 (3rd 1990) failure to preform a physical examination, resulting in failure to diagnose broken ribs, was not deliberate. Brown was incorrectly decided, and the failure to perform so obvious an examination should be considered deliberate indifference.

A number of cases have held that sick call procedures that did not permit adequate assessment of the prisoner's complaint are constitutionally inadequate.

Inadequate physical facilities and medical records system have also been found to violate the Constitution.

On January 5th 2018 Dr. Joel D. Alexandre ordered Weirs now third X-ray since Dec 15th 2017, and Dec 29th 2017. On said date medical practitioner Dr. Joel D. Alexandre states directly to Weir that "surgery won't be needed", and states also that "it will heal fine on it's own." This said only one week after Weir was taken to an outside specialist who's course of treating Weirs severe physical injury were not what Dr. Joel D. Alexandre had said. Failure to carry out medical orders. Such cases often involve the failure to provide prescribed

13)

Medical observations on abnormal medical conditions or for other specialized care.

Estelle V Gamble 429 US 97, 105 97 S Ct (1976) intentionally interfering with the treatment once prescribed. One court has held that prison official's failure to obey a medical order for showers and dressing changes did not constitute deliberate indifference. Des Rosiers V Morgan 949 F 2d 15, 19-20 (1st Cir 1991) In our opinion this decision is contrary to Estelle V Gamble references, cited above, to "intentionally interfering with the treatment once prescribed" as a form of deliberate indifference.

Johnson V Doughty 433 F 3d 1001, 1013 (7th Cir 2006) "a medical professional's erroneous treatment decision can lead to deliberate indifference liability, if the decision was made in the absence of professional judgment". Some such cases involve conduct by doctors that simply makes no sense and is not explained, such as failing to respond to apparently serious complaint or refusing to carry out prescribed or recommended treatments for no apparent reason. The Constitution is violated if deliberate indifference causes an easier and less efficacious or producing the result that was wanted or intended, treatment to be consciously choosen by the doctor.

Addionally, when the need for medical treatment is obvious, medical care that is so cursory or disapproving, as to amount to no treatment at all may constitute deliberate indifference. Gross departures from accepted medical standards may be evidence of deliberate indifference. The failure to follow professional standards or even prison medical care protocols, may support a finding of deliberate indifference because the standards or protocol can be evidence of the practitioner's knowledge of the risk posed by particular symptoms or condition.

A recent decision granting a preliminary injunction to a prisoner who was declared ineligible for a liver transplant, without which he was at risk of early death, State: "In order to prevail on a claim involving choices between alternative courses of treating, a prisoner must show that the course of treating the doctor chose was medically unacceptable in light of the circumstances and that they

chose this course in conscious disregard of an excessive risk to plaintiff's health." Rosado v Alameida. 349 F Supp 2d 1340 1344-45 (S.D. Cal 2004) Mata v Saiz 427 F 3d 745 757-58 (10th Cir 2005) Phillips v Roane County Tenn 543 F 3d 531 543-44 (6th Cir 2008)

A related issue is posed by cases in which prison medical personnel, having referred a prisoner to a specialist, fail to carry out the specialist's recommendations, or those of a specialist who directly or directed treatment before the prisoner was incarcerated. Some decisions have held that such actions merely reflect diferences of medical opinion and do not constitute deliberate indifference. It seems that when prison officials or medical staff refer a prisoner to an outside consultant, that the are in effect conceding that their own judgment is not sufficient to address the prisoners medical condition, and if they disregard that consultant's directions, they should at a minimum be required to provide a convincing explanation for their choice, and not merely lable the matter as a difference of medical opinion.

Weir has stated just that, with both issues against Dr Joel D. Alexandre on January 5th 2018, he ignored the course of treatment from the specialist only one week earlier and said to Weir, "what I've looked up on the internet surgery won't be needed, it will heal fine on it's own". While Dr Joel D. Alexandre stated this to Weir, he was pointing at a piece of paper he was holding. Weir did ask about the Orthopedic Surgeon's course of treatment, and very concerned about the direction that Dr Joel D. Alexandre was taking.

Weir wrote Regional Director Caraway about these concerns and actions of Medical Practitioner Joel D. Alexandre. In Director Caraway's response, Caraway dismissed the issue and lableed Weirs concerns in treatment as difference in medical opinion, and disapproved the Orthopedics recommendations to go with the course of treatment that Dr Joel D. Alexandre had submitted to Mrs H. Howard to go to Regional Office for it final decision of necessary treatment.

In Regional Directors response to Weirs grievance complaint dated Oct 3rd 2018 Caraway states Institution provided an Orthopedic specialist. Institution providers implemented "conservative measures" and pharmacologic theraphy.

Dr. Joel D. Alexandre is in his own rights General Practitioner or family Physician. On January the 5th, he conceeded the recomendations to go with his own "conservative measures", that it will heal fine on it's own. But infact that did not happen, and 8 months and 21 days after Weirs intial injury surgery was done. Dr Joel D. Alexandre is guilty of negligence just as was brought out in this motion. Negligence in it's self does not support a claim of deliberate indifference or crueland unusual punishment or denial of due process under the Eighth Amendment doctrine of the Constitution. Negligences that causes unnecessary infliction of wanton pain and suffering, does satisfy the provisions of violation to Weirs Constitution rights.

Dr Joel D. Alexandre impeded Weir from the proper course of treatment that was recommended by a specialist. In furterence Weir was inflicted with severe pain because of the decision that Dr Joel D. Alexandre and his submission to Executive Health Service Administer Mrs H. Howard that forwarded this information to the Regional Office for the final decision to the course of treating Weirs serious physical injury.

McKenna v Wright 386 F 3d 432, 437 (2nd Cir 2004) accord Shomo v City of New York, 579 F 3d 175, 184 (2nd Cir 2009) Where plaintiff alleged a policy of disregarding medical recommendations for treatment, claim was not refuted by his having frequently seen doctors who administered test; Sulton v Wright 265 F Supp 2d 292, 300 (S. D N.Y 2003)

Some courts have said that 'repeated examples of negligent acts which disclose a pattern of conduct by the prison medical staff may add up to deliberate indifference. But more recently, applying the "actual knowledge" courts have cautioned: it may be, as quite a large number of cases state that repeated acts of negligence are

some evidence of deliberat indifference. The only significance of multiple acts of negligence is that they may be evidence of the magnitude of the risk created by the defendant's conduct and the knowledge of the risk by the defendants

The repeated actions by this medical staff has gone on with out any accountibility for their actions. Dr. Joel D. Alexandre on Jan 5th to disregord what a specialist course in treating a serious physical injury. Submitting recommendations to executive health service administration of information that were "looked up off the internet" (citing quote from Dr. Joel D. Alexandre) to Mrs H. Howard who would sign off against these recommendation from her medical practitoner to have sent to Regional Director Caraway's final decision. further arguement will support these repeated acts of negligence.

Weir saw Orthoped Surgeon first on Dec 29th 2017 and was originally denied the course of treatment by the specialist by information and belief that was submitted through this facilities executive health service administrator. Mrs H. Howard is that person with the duties to over see the daily opperations of all medical staff that would include R. Moody Medical Licensed Pratitioner and Dr Joel D. Alexandre. Her duties would also require the submittions of all medical procedures sent from this facility to Regional Office. This include Executive Health Service Addministrator (or EHSA) to sign off on documents necessary for Regional Offices final decission.

In January 2018 such documents in treating Weir's serious physical injury were first denied by Regional Office after the recomendation submitted not by the Orthopedic Specialist, but by Dr. Joel D. Alexandre. It was Mrs H. Howards professional opinion to submitt necessary information to Regional Office for surgery that was originally denied, the only day's later resubmitted to Regional Office that was only then approved on Feburary 1st, and

a surgical date was set through this facility and the Orthopedic Specialist Office. This original surgical date was cancelled through this facilities health service administration for unknown reasons at this point.

Durmer v. O'Carroll 991 F 2d 64 68-69 (3rd Cir 1993) holding that delay of treatment for non-medical reasons could constitute deliberate indifference. Hamilton v. Endell 981 F 2d 1063 1066-67 (9th Cir 1992) holding that prison officials disregarding a surgeon's recommendation on non-medical grounds could constitute deliberate indifference. Their was no reasoning behind the cancellation of the original surgical date.

Weir would see Mrs Howard during lunch (main line) and asked her what was going on with the surgery that I was told I'm put in for. Mrs Howard would tell Weir "your in for surgery" or "let me see whats going on." Weir was not given any type of direct answer. Unknown to Weir was the unnecessary delay in treating Weirs serious physical injury.

Weir went from January 5th to April 24th 2018 until Weir was seen again by another physician. Davis v. Carter 452 F 3d 686, 691-94 (7th Cir 2006) hold plaintiff's deliberately claim of a municipal policy of inordinate delay in providing methadone treatment was supported by evidence of an absence of policies and procedures to ensure timely treatment. Wer has gone approx 150 days with unnecessary infliction and severe suffering of physical pain

DeGidio v. Pung 920 F 2d 525 529 (8th Cir 1990) holding lack of adequate organization and control in the adminstration of health services supports a finding of Eighth Amendment violation. With the duties of Mrs Howard is to oversee her medical staff and have confidence in that staff to make the right decisions that are the best for all in concern of her authority. Mrs Howard has all rights to review medical decisions by information and belief that submitted to her in the "best of light" for all parties. Weir has many times

requested the dates of the original scheduled surgical dates and delays in treating Weirs physical injury. It is Mrs Howards responsibility to have outside medical appointments approved through Regional Office and scheduled and to know the outcomes of these appointments to ensure the adequate measures are taken from all outside medical appointment

One court has stated that an unexplained delay of hours in treating a serious injury states a prima facie case of deliberate indifference. Brown ⊻ Hughes 894 F2d 1533 1538(11th Cir 1990)

Their has not been any reasoning to the cancelled surgical date by this facilities EHSA. Hartsfield ⊻ Colburn 371 F 3d 454 457(8th Cir 2004) holding six weeks delay in sending prisoner to a denist, resulting in infection and loss of teeth, raised an Eighth Amendment claim.

This same delay of sending Weir back to the Orthopedic Surgeon greatly cause Weir further physical pain and mental distress as a result of the unnecessary delay. from Weirs first appointment the the 4 months between visits to the Specialist. Farrow ⊻ West 320 F 3d 1235 1247-48 (11th Cir 2003) holding delay of 15 months in providing dentures with three and eight month hiatuses in treatment, by a dentist familiar with prisoner's painful condition, raises a jury question of deliberate indifference.

Howell ⊻ Burden 12 F 3d 190, 192-94 (11th Cir 1994) Superintendent's "administrative authority" could support liability; Johnson ⊻ Lockhart 941 F 2d 705 707(8th Cir 1991) "Abdication of (Executive to) policy making and oversight responsibilities can reach the levels of deliberate indifference"; delay in prescribed surgery could support administrator's liability

Brown ⊻ Coughlin 758 F Supp 876 889 (S.D N.Y 1991) Commissioner and Superintendent have personal duties to ensure adequate medical services.

19.)

Weir has cited many examples to the deliberate indifference clause of the Eighth Amendment and gave rise to other civil and Constitutional violations.

Mrs H. Howard is the superintendent or executive administrator of the medical department. Mrs H. Howard is responsible for scheduling and follow up or post op visits for outside medical treatment.

Weir saw Orthopedic Surgeon on Aug 16 for pre-op set-up then on Aug 23rd 2018 Weir had necessary surgery on his fifth medatarsal bone in his right foot that required the implant of 9 screws and a rod. The surgeon gave officer Melder that was in the surgical room the necessary paperwork and follow-up instructions to give to the medical personnel. Instructions clearly stated for Weir to be seen for follow-up wound care and removal of the stiches with in 10-12 days.

Weir asked medical staff about such orders or follow-up procedures 2 weeks post op or 14 days. Weir was told by midical staff on a couple occassions that it's already handled or your in for that, but we cannot tell you when. 24 days later in the SHU Lieutenants office with Lt Greenfield, Weir and Mrs Howard

Weir removed the temperary cast and ACE bandage wraps to show Mrs Howard the scabs that had formed over the surgical stiches. Mrs Howard then stated to Weir "Why didn't you let me know about this", looking at Weirs foot and scabbed over wound.

Weirs reply was "I didn't know I had to do your job". An emergency appointment was schedule for that afternoon to the Orthopedic office It was extremely painful to have a healing wound that has scabbed over to have to have the stiches cut out and pulled from under the scabbed surgical wound. Transport officer held Weir down from the agonizing pain while the nurse could only say "sorry, but they have to come out". Goodman ⅴ Wagner 553 F Supp 255 257 (E.D. Pa.)(1982) failure to follow a doctor's orders for wound

treatment. This is yet another example of events that Weir had no choice but to suffer through. It's always easier for officials to hold plausible deniability in the realm of the traumatic events that has transpired because of the senseless injury of Weir's. But not holding these officials responsible for this senseless injury of Weirs, is just like victimizing Weir all over again.

Rule 8 requires only short and plain statement of claim showing that plaintiff is entitled to relief and does not require claimant (Weir) to set out in detail upon which his claim is based, and therefore, complaint which alleged that defendant acted negligently and thereby caused injury was in substantial compliance with Rule 8 and is sufficient to withstand motion to dismiss pursuand to Rule 12(b)(6). Candyne - Georgia Corp. V Nations Bank NA., 183 F 3d 1269 12 Fla L Weekly Fed C 1166 49 Env't Rep Cas (BNA) 1001, 29 Envtl L Rep 21468 (11th Cir 1999)

Although plaintiff's allegations were not strong, they were sufficent to meet lenient standards of notice pleading set out in Rule 8 and provided adequate notice of defense (quoting from Weston V. Pennsylvania 251 F 3d 420 85 Fair Empl Prac Cas (BNA) 1477 (3rd Cir Pa. 2001)

Plaintiff must only satisfy pleading requirements of Fed R Civ P 8(a) in order to survive motion to dismiss; plaintiff need only set forth short and plain statements of claim showing that pleader is entitled to relief, Fed R Civ P. 8(a)(2), and need only give respondents fair notice of nature of claim and petitioner basis for it; given Federal Rules' simplified standards for pleading, courts may dismiss complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with allegations. PSA, Inc V P.R Tel Co 336 F Supp 2d 173 (D.P.R 2004)

Weir has brought arise in his amended complaint to show action for arguement to this court. Defendants have acted with negligence to Weirs serious medical needs for treatment to his serious physical

INjury and delay to the unnecessary Infliction to suffer and wanton physical pain that denied Weir the depriviation of a normal life and robbed Weir from his basic daily activities from the debilitating pain Weir does suffer from daily. A prison official is also deliberate indifferent to serious medical needs of prisoner's if it intentionally denied or DELAYS access to medical care. Walker ⅴ Butler 967 F2 176, 178 (5th Cir 1992) Thompkins ⅴ Belt 828 F2d 298 303 (5th Cir 1997)

These delay's and access to proper treatment have been brought out many times IN this complaint and do give Weirs claim rise to satisfy this court. The totality of events Weir had suffered through need to be held responsible and hurd infront of this court to be accountible for all action against Weirs claim.

I ask this court with total review of all circumstances to amend Weirs claim as it need be. I have done my best to show this court the events that has transpired and keep happening to Weir deliberoritly by the staff here in F.C.I.O. I pray to this court for the actions that have happened to me that this court see's and does not excuse these one's that need to be accountable. This court can see for itself on camera the retaliation and gross recklessness by the staff on 12-7-18. NO ONE deserves to be abused and assaulted for standing up for their rights!

I hold all forth as Mentioned stated or by other means quoted held under the penality of perjury to the fullest extent of the law and subject to prosecution of the law. 28 USC §1746.

Weir reserves his right to relevent information in pursuant to all claims made or shown through exhibits, attachments under Rule 26(b)(1) (Federal Rules of Civil Procedures)

Respectfully

Joseph A. Weir 15526-032