RECEIVED

18cv1276
See P

DEC 13 2018

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY_____

12-7-18 -3-4 p.m

Officer Riner was assisting Weir to the shower. Riner was talking with range Officer Sumbler as we were going toward the shower stalls.

Weir was partially in front of Riner who was assisting Weir while in arm restrains and holding Weir right upper arm. As Weir was walking, Weir was kicked in the ankle and tendon area by Officer Riner.

This caused Weir to roll the ankle under his weight and fell off balance into the floor in severe pain. Weir was on the floor and could not put any presure or weight on the right foot. Riner started to pull Weir up and asked "what happened"? Weir said "you fxxken kicked me". Riner stoted to Weir "I bumped you, but I didnt kick you." Riner looked back at Sumbler and said "what should we do?"

Other SHU officers came on the range. Mr. Lair wass assisting medical when the nurse arrived. Nurse "Jo asked Weir "what happened"? Weir said "I'm not making any statements", and asked to speak with the lieutenant. Weirs medical boot was retneved from his cell, medical nurse put the boot on Weir's right foot and secured the straps.

Weir was assisted by Mr. Lair and another unknown officer to the SHU law library. Weir was asked about his food trays until lieutenant Deville came into the SHU and to the law library. Deville accused Weir of changing his story three tims and said that Weir ran into the officer. Weir asked Deville to document the injury Weir had sustained. Again Lt Deville told Weir "he aint do'n shit".

The law library door was opened and Officer Sumbler rushed into the law library first on Weirs left side, putting his body and pelvic area against Weirs left arm. Weir was cuffed from behind. Weir tried to lean to his right because of Officer Sumblers pelvic and private area was pushed against Weir while Sumbler loaded over Weir with his weight. Weir asked Sumbler "are you gon'a fxxken hit me"? Lieutenant Deville then rushed in and pushed over two chairs at the computer desk and told Weir "your not going to talk to my officers like that" they grabbed Weirs right arm and started to drag Weir from where he was sitting facing the door. until Weir got his balance as Officer Sumbler grabbed Weirs left arm and took Weir to his cell.

12-10-18

Weir has wrote out a copy of the assault and complaint to turn into Executive staff that came on the range between 9-10 A.M. Weir sealed the complaint in a envelope and asked the Lt if he could take said complaint that "it needs his attention." Lieutenant told Weir he's got all these things to do, and if he can, he'll come back", and refused to take the sealed envelope.

I wish to file assault charges against Officer Riner for his actions in hitting kicking or by other means inappropriate physical contact to Weir's right ankle heel causing Weir to roll his right foot ankle and fall.

I wish to file formal PREA complaint against Officer Sumbler for his repeated physical contact of his pelvic area against Weirs left arm and shoulder lording over Weir in an aggresive defensive posturing manner.

I wish to file assault charges against Lieutenant Deville for unnecessary grabbing and yanking Weir while in arm restraints, then physically draging Weir while Weir was sitting down with Officer Sumblers body and weight against Weirs left arm and shoulder, restricting Weirs movement and force from Lieutenant Deville.

Formal complaints will be filed to appropriate departments and agencies regarding improper handling of assault against Weir with physical injury by officers working under the color of Federal law and official compassity, dereliction of ranking officers duty and supervisory liability intend to cover up or minimize staff misconduct. All events are under video surveillance.

All statements as said above are under the penality of pergury and are subject to criminal prosecution with full extent of the law. Title 28 USC § 1746.

Please review all footage of officers laughing about the situation from Weirs injury.

To all it will concern,

Joseph A. Weir 15526-032.