UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOSEPH A. WEIR**  **REG. # 15526-032** | : | **DOCKET NO. 18-cv-1276**  **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **R. MYERS, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court are the amended civil rights complaints [docs. 15, 16] filed pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971) by plaintiff Joseph A. Weir, who is proceeding pro se and in forma pauperis in this matter. Weir is an inmate in the custody of the Bureau of Prisons and is currently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana, where the events giving rise to his claims allegedly occurred.

On review of Weir's original complaint [doc. 6], this court noted that (1) claims of deliberate indifference could not be maintained based on FCIO's failure to provide ladders for bunkbeds or the minimal delay before his X-ray and the removal of his stitches, (2) defendants R. Myers, J.S. Willis, and J.F. Caraway appeared to be named in a supervisory capacity only, which does not invite liability under *Bivens*, and (3) the United States is not a proper party to a *Bivens* suit. Doc. 11, pp. 4–7. Accordingly, we ordered Weir to amend his complaint in order to cure the defects described above and dismiss the claims he could not cure. *Id.*

Weir responds by maintaining that Myers and Willis, along with newly added defendant Lieutenant Niels, are liable under the Eighth Amendment for their failure to provide ladder access to top bunks and that Caraway is liable for affirming FCIO physician Joel Alexandre's decision

that surgery was not warranted, despite the recommendation of the consulting orthopedist.[1] Doc. 15, pp. 2–5; *see* doc. 11, pp. 2–3. He also insists that defendant Rashawda Moody is liable because of the delay between injury and X-ray.[2] Doc. 15, pp. 6–7. Finally, he maintains that defendant Heather Howard is liable because her role as health services administrator required her to oversee daily operations of medical staff and ensure the submission of all medical procedure requests to the BOP regional office. *Id.* at 16–18. However, he only alleges that Howard submitted the requests that were later denied by the regional office – not that she failed to submit any proper documentation or delayed unnecessarily in submitting the requests, or that she had any authority to cancel his surgery.

Finally, Weir complains of injuries sustained at some unknown date when FCIO officers Riner and Sumbler were taking him to the shower stalls. Doc. 16. He also alleges that FCIO officer Sumbler and Deville retaliated against him when he complained and asked Deville to document his alleged injury. *Id.* Finally, he alleges that Sumbler pushed himself against Weir in a sexually suggestive manner. *Id.* Accordingly, he states that he wishes to "file assault charges" against Deville and Riner and to file a formal complaint under the Prison Rape Elimination Act ("PREA") against Sumbler. *Id.*

Under the standards provided in this court's previous amend order [doc. 11], Weir fails to show a basis for *Bivens* liability on the part of Howard, Moody, Myers, Niels, or Willis. Namely, he has not shown any basis for Myers's, Willis's, or Niels's liability outside of the already rejected

---

[1] He also continues to insist that certain defendants are liable based on their alleged negligence. Doc. 15, p. 7. As explained to him previously, the standard for an Eighth Amendment violation is set much higher at "[s]ubjective recklessness." *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997). If Weir wishes to raise negligence claims against the above-cited government actors, he must do so through a suit under the Federal Tort Claims Act, subject to that statute's administrative exhaustion requirements. *See, e.g.*, *Hinojosa v. Bureau of Prisons*, 506 Fed. App'x 280, 282–83 (5th Cir. 2013).

[2] As explained by the warden in response to Weir's first attempt at administrative remedies (and unrefuted by Weir), Weir received pain medication, an ACE wrap, and warm compresses for his injured foot during that time. *See* doc. 6, att. 3, p. 3.

complaints relating to bunk bed safety. He has not alleged sufficient wrongdoing on Howard's part, and the court has already rejected his claims against Moody based on the delay before Weir's injury and first set of X-rays. He has also failed to dismiss the United States as a party, as previously ordered. All claims against these defendants must be dismissed. Additionally, this court cannot press criminal charges against a defendant and courts have generally held that the PREA does not provide a private right of action. *See Krieg v. Steele*, 599 Fed. App'x 231, 232–33 (5th Cir. 2015) (collecting cases). All claims raised in this action against Deville, Riner, and Sumbler must be dismissed. Weir should instead contact law and make use of the PREA reporting protocol available at his facility. *See* 28 C.F.R. § 115.51.

Accordingly, **IT IS RECOMMENDED** that all claims against the United States, Howard, Moody, Myers, Niels, Willis, Deville, Riner, and Sumbler be **DISMISSED WITH PREJUDICE** 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii). By accompanying order, the court will order service on the remaining defendants in this action.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 28th day of December, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE