UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOSEPH A. WEIR** : | | **DOCKET NO. 18-cv-1276** |
| REG. # 15526-032 | | SECTION P |
| **VERSUS** : | | **JUDGE JAMES D. CAIN, JR.** |
| **R. MYERS, ET AL.** : | | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss filed under Rules 12(b)(2), 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure by Defendant, the United States of America. Doc. 96. This motion comes in response to a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by Joseph A. Weir ("Plaintiff"). The Plaintiff did not file an opposition to the motion. The government's motion is now ripe for review.

For the reasons below, we recommend that the Motion to Dismiss be **GRANTED** and the instant lawsuit be **DISMISSED**.

### I.
#### BACKGROUND

Plaintiff filed this *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 on September 26, 2018. Following an initial review, the Court ordered service on two defendants, Dr. Joel Alexandre and J.F. Caraway. Doc. 20. Weir was issued "two (2) summons forms for the United States through the United States Attorney for the Western District of Louisiana, the United States through the United States Attorney General, and each named defendant in the amended complaint, namely Joel Alexandre, and J.F. Caraway, and one (1) USM-285 form for each of the

above." *Id*. He was ordered to return the completed forms to the Court within thirty (30) days of that order. *Id*.

On December 13, 2019, after numerous motions were filed and ruled upon, and the matter was stayed for a period of time, Weir submitted completed service documents for J.F. Caraway and incomplete service documents for Dr. Alexandre. He failed to return completed service documents for the United States through the United States Attorney for the Western District of Louisiana, and the United States through the United States Attorney General.

On January 8, 2020, the Court again ordered the Clerk to serve upon Weir at his last known address two (2) summons forms for the United States through the United States Attorney for the Western District of Louisiana, the United States through the United States Attorney General, and Joel Alexandre and one (1) USM-285 for Joel Alexandre, and gave Weir thirty (30) days to return complete service documents. Doc. 59. These documents were not returned to the Court.

On April 20, 2020, the Court docketed a letter Weir submitted to the Court containing proof of purported service on the United States through the United States Attorney for the Western District of Louisiana, the United States through the United States Attorney General in the form of certified mail receipts. Doc. 65. However, insofar as Weir did not submit summons forms to the Clerk for completion, he could not have properly served the United States as ordered by this Court on numerous occasions.

On May 4, 2020, Weir filed a Motion for Extension to Effect Service on Dr. Alexandre. Doc. 70. In his motion, Weir indicated he was being moved to appear in court in Kentucky on June 11, 2020 and was uncertain to what facility he would be returned. At that time, the undersigned ordered the clerk to stay this proceeding until such time as Weir advised the Court of his relocation. Doc. 71.

On October 8, 2020, Weir notified the Court that he had returned to Coleman One USP and, following his fourteen-day quarantine period, he would be returned to regular population and be reassigned his personal and legal property. Doc. 80. Thereafter, on October 29, 2020, the Court lifted the June 2020 stay and directed the clerk to send Weir summons forms for the United States as well as for Dr. Joel Alexandre. Doc 83. Summons were eventually issued, on June 23, 2021 as to Joel Alexndre, JF Carraway, the US Attorney's Office and the US Attorney General. Doc. 92. The summons issued to the US Attorney was returned executed on June 28, 2021. Doc 93. However, the summons issued to Dr. Joel Alexandre was returned unexecuted on July 28, 2021. Doc. 94. The summons issued to JF Carraway was also returned unexecuted on August 20, 2021. Doc. 95.

## II.
### LEGAL STANDARDS

Under Rule 12 of the Federal Rules of Civil Procedure, a court is authorized to dismiss an action for lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process. In pertinent part, Rule 12(b) provides: "Every defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (2) lack of personal jurisdiction... (4) insufficient process; (5) insufficient service of process..."

Service of a complaint in an action commenced in a federal district court of the United States against the United States must proceed by way of summons issued and served pursuant to the provisions of Federal Rule of Civil Procedure 4(i). FRCP 4(i)(3) directs that service is effectuated upon an individual sued individually when a party does the following:

> (i)(3) to serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or

> employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

The delivery and mail of these documents as described are mandatory and jurisdictional. *Sanchez-Mariani v. Ellingwood*, 691 F.2d 592, 594-95 (1st Cir. 1982); *Dutkiewicz v. Foster*, 88 F.R.D. 85, 86 (D. Mass. 1980); *see also, Zapata v. Smith*, 437 F.2d 1024, 1027 (5th Cir. 1971).

Only proper service in the manner required by Rule 4 vests this Court with jurisdiction to adjudicate this action against the named and properly served federal defendant. A defendant's actual notice of the pendency of an action is irrelevant if service fails to comport with the statutory requirements for proper service. *See McGuire v. Sigma Coatings, Inc.,* 48 F.3d 902, 907 (5th Cir. 1995); *Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988). Actual notice is not sufficient, for service of process, as mandated by the federal rules and statutes, is a fundamental procedural imposition upon a defendant without which a court may not validly exercise power over that defendant. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc*., 119 S. Ct. 1322, 1326-27 (1999). Thus, it is generally accepted that the filing of a complaint constitutes merely the commencement of an action with only a jurisdictional potentiality and, absent proper and valid service, this potential jurisdiction never ripens into actual jurisdiction requiring a defendant to answer or otherwise defend. See, *Murphy Brothers, Inc*., 119 S. Ct. at 1327; *McGinnis v. Shalala*, 2 F.3d 548, 551 (5th Cir. 1993). In the absence of proper service any subsequent judicial proceedings regarding a defendant not properly served are invalid and void. *See Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc., et al.,* 635 F.2d 434, 435-36 (5th Cir. 1981).

A federal court is not free to create jurisdiction, personal or subject matter, or to determine the existence of jurisdiction beyond that specifically provided within Rule 4 and cannot fashion a judicially created rule that substitutes for the jurisdictional mandates of Rule 4. *Point Landing,*

*Inc. v. Omni Capital International, Ltd.*, 795 F.2d 415, 423-25 (5th Cir. 1986) (en banc); *affirmed*, *Omni Capital International, Ltd. v. Rudolf Wolff & Co., Inc.*, 108 S. Ct. 404 (1987).

Moreover, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service of process on the defendant must be perfected within 90 days after the complaint is filed. If service is not perfected, the court "must dismiss the action without prejudice against or order that service be made within a specified time." The court may, even absent a showing of good cause, extend the time in which plaintiff may perfect service on a defendant. Such action lies within the sound discretion of the court. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). The Fifth Circuit established the following two-step procedure to be used when determining whether a case should be dismissed for failure to timely perfect service or whether to grant an extension to effect service of process: (1) the court should first determine whether good cause exists for failure to timely effect service; and (2) if good cause does not exist, the court must decide, in its discretion, whether to dismiss the case or extend time for service. *Id., citing, Petrocelli v. Bohringer*, 46 F.3d 1298, 1305-06 (3rd Cir. 1995).

### III.
#### ANALYSIS

In the present matter service has been a continual issue since this lawsuit was filed in 2018. As evidenced by the lengthy background set forth above, and noted by the government, Weir has been provided many opportunities to complete effective service but has yet to do so, nearly three years after the lawsuit was filed. This Plaintiff has been permitted to proceed in forma pauperis but has been unable to provide the correct service information to the US Marshal's Service during the past three years.

The only remaining defendants in this lawsuit are Dr. Alexandre and JF Carraway. The United States Attorney's Office is not authorized to accept service on either of the individual

defendant's behalf. Moreover, since more than 90 days have passed since the filing of the complaint and proper service of summons and the complaint has not been made upon the named defendants in this case, this case must be dismissed pursuant to Fed.R.Civ.P. 4(m), 12(b)(2), 12(b)(4) and 12(b)(5). The Court agrees with the government's assertion that because this Plaintiff has been provided a vast amount of time to complete service and has not been able to properly complete it in nearly 3 years, this matter must be dismissed with prejudice due to insufficiency of service of process.

## IV.
### RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion to Dismiss (doc. 96) be **GRANTED**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 2nd day of November, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE